*942 OPINION.
ARTjndell:
The petitioner claims that it is affiliated with the Buekman Tanning Co. on the ground that it controlled through Kaplan substantially all of the stock of the Buekman Tanning Co.
The two companies were operated as one enterprise. The office manager of petitioner acted as bookkeeper and general financial man for the Buekman Tanning Co.; the books and records of both companies were kept in the office of petitioner and the evidence discloses that Kaplan exercised actual control over the business. The interests of Buekman were so dependent upon the support of Kaplan and the business of the petitioner and Buckman’s rights and activities were so controlled by the agreements to which he was a party, that in effect he became no more than an employee of the Buekman Tanning Co. who was entitled to share in the profits of the business that remained after certain liabilities were paid on his account. The stock standing in Buckman’s name was voted in accordance with Kaplan’s directions and in every substantial way Kaplan and petitioner controlled the stock. See Boker Cutlery & Hardware Co., 12 B. T. A. 1405; Metasap Chemical Co., 12 B. T. A. 1402; National Oil Products Co., 12 B. T. A. 1402.
We believe that the requirements of section 240 of the Revenue Act of 1918 have been fully met and that petitioner and the Buck-man Tanning Co. were for the year 1920 entitled to file consolidated returns.
*943 The operating loss ox the Buckman Tanning Co. for 1920 of $118,498.63 was denied by the respondent, but the respondent did not introduce any testimony as to the profit or loss of that company for 1920, showing a different amount. The petitioner having established that the books of account wore destroyed, called as a witness the officer who had charge of the books of account of the Buckman Tanning Co. in 1920 and who made up the tax return of the petitioner for 1920. This witness testified that the books of account of the Buckman Tanning Co. supported the figures contained in schedules attached to the return of petitioner, showing the net loss for the Buckman Tanning Co. to be $118,408.03 for the year 1920.
In the absence of any evidence to the contrary, we must hold that the Buckman Tanning Co. suffered a loss of $118,408.63 in 1920.

Judgment will be entered under Rule 50.